RYAN T. WAGGONER (BAR NO. 251694)
ERIC C. PETTIS (BAR NO. 313492)
NATHAN T. JAMIESON (BAR NO. 333304)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: rwaggoner@allenmatkins.com
        epettis@allenmatkins.com
        njamieson@allenmatkins.com

Attorneys for Plaintiff
MAJCO LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MAJCO LLC, a California limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>JACKSON TIRE SERVICE, a California corporation; PHILLIP BOVERO, an individual; KURST BOVERO, an individual; SIERRA TIRE CO., a California limited liability company; and DOES 1 through 10,<br><br>　　　　　　Defendants. | Case No. 2:25-cv-1967-DC-JDP<br><br>Judge Hon. Dena M. Coggins<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>Complaint Filed: July 14, 2025<br>FAC: October 14, 2025 |

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.

## 3. DEFINITIONS

3.1. Action: *Majco LLC v. Jackson Tire Service, et al.*, Case No. 2:25-cv-01967-DC-JDP (E.D. Cal.)

3.2. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4. Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

3.5. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

3.7. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8. House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9. Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

3.10. Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

1  3.11. Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.12. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.13. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14. Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.15. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 4. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

## 5. DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless the Court has granted a motion to seal such material. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good

cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend to any Protected Material used as an exhibit at trial or hearing if the Court has *either* rejected *or* granted the request to seal such Protected Material. If the Court has granted the request to seal such Protected Material, the terms of the order sealing such material or the Local Rules govern the subsequent use and dissemination of such material.

## 6.  DESIGNATING PROTECTED MATERIAL

6.1.  <u>Each Party's Requirement of Due Care.</u>  All Parties acknowledge that discovery in this Action may involve documents and information that contain trade secrets of one or more of the Parties or other Protected Material. Each Producing Party agrees to undertake efforts to designate all documents and information that it will produce as Confidential to the extent such documents and information contain the trade secrets of other Parties.

If any Party discovers information or documents containing its trade secrets were produced by the Producing Party that the Producing Party failed to designate, that other Party may re-produce such documents with "CONFIDENTIAL" as outlined below and, thereafter, all Parties shall treat such material as Protected Material subject to this Protective Order as though the Producing Party had so designated.

6.2.  <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion

of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    b) for testimony given in depositions that the Designating Party either: (1) identifies on the record as confidential; or (2) identifies in writing by line and page number as Protected Material on or before fourteen (14) days from the date on which any corrections to the transcript are due.

    c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  6.2. <u>Inadvertent Failures to Designate.</u> If promptly corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**7.     PARTY'S USE OF PROTECTED MATERIAL IN THIS ACTION**

7.1.    Filing Protected Material Designated by Filing Party.  Any Party or Non-Party may file any Protected Material provisionally under seal contemporaneously with the filing of a motion to seal in conformance with Local Rules 140-141.1.

7.2.    Filing Protected Material Designated by Non-Filing Party. **Without written permission from the designating party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Confidential Material must comply with Eastern District Local Rule 141. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.** ~~Any Party or Non-Party may file Protected Material designated by a different party provisionally under seal. Once filed provisionally under seal, the Designating Party (or any other party) may choose to file a motion to seal such Protected Material within 14 days after the Protected Material was filed provisionally under seal.~~

~~Alternatively, at~~ **At** ~~the filing party's option, the filing party may notify the Designating Party at least 7 days in advance of the filing date at which point the Designating Party is required to notify the filing party 3 days thereafter whether the Designating Party will either withdraw the designation or intends to maintain the designation. If the Designating Party intends to maintain the confidential designation, the filing party will file such Protected Material provisionally under seal and the Designating Party must file a motion to seal within 2 days of the date on which the Protected Material was filed provisionally under seal.~~

7.3.    Filing Protected Material Designated by Filing Party.  Should any Party or Non-Party decide to file its Protected Material, that Party or Non-Party must file a motion to seal concurrently.

7.4.    Local Rules.  The Local Rules will govern any request and motion to seal ~~unless such Local Rules directly conflict with this Protective Order in which case the rules in this Protective Order will govern~~.

## 8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d) the court and its personnel;

e) court reporters and their staff;

f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  h) during their depositions, witnesses and attorneys for witnesses (other than Parties or signatory Non-Parties), in the Action to whom disclosure is reasonably necessary provided: they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

  i) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" by a different Party or Non-Party, that Party must:

  a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

  b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

  c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential

material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.

## 12. PRIVILEGE LOG

Any Party or Non-Party that has withheld any material, document, or information on the basis of any legal privilege or has otherwise redacted a portion of any document on the basis of any legal privilege shall provide to all other Parties a Privilege Log within thirty (30) days after substantial completion of their respective document productions or, in the case of rolling productions, within thirty (30) days after each document production batch, unless the Parties agree otherwise.

The Privilege Log must meet the requirements set forth in Rule 26(b)(5) of the Federal Rules of Civil Procedure or, in the case of documents produced pursuant to subpoena, Rule 45(e)(2) of the Federal Rules of Civil Procedure to allow each Party and the Court to meaningfully assess the claim of privilege. At a minimum, the Privilege Log must

include: "[1] a description of responsive material withheld, [2] the identity and position of its author, [3] the date it was written, [4] the identity and position of all addressees and recipients, [5] the material's present location, [6] and specific reasons for its being withheld, including the privilege invoked and grounds thereof." *Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 650-51 (E.D. Cal. 2010).

## 13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The Parties may be required to produce large volumes of documents and, to comply with discovery deadlines in the case, wish to complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the documents produced, including as against third parties and potentially in other Federal and State proceedings. The Parties having agreed to a clawback agreement, and good cause appearing therefore, the Court hereby orders as follows:

13.1. The inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to the attorney-client privilege, or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production. For purposes of this stipulated protective order, an "Inadvertently Produced Document" is a document produced to a party in this litigation that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege.

13.2. If any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the receiving party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged; (b) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range or hash value range, and, (d) where possible, sequester or destroy all copies

1  of such documents, along with any notes, abstracts or compilations of the content thereof,
2  within five (5) days of discovery by the receiving party.  Where such documents cannot be
3  destroyed or separated it shall not be reviewed, disclosed, or otherwise used by the receiving
4  party.  Notwithstanding, the receiving party is under no obligation to search or review the
5  producing party's documents to identify potentially privileged or work product protected
6  documents.

7        13.3.  Upon written notice of an unintentional production by the Producing Party or
8  oral notice if notice is delivered on the record at a deposition, the receiving party must
9  promptly sequester or destroy the specified document and any hard copies the receiving
10 party has and may not use or disclose the information until the privilege claim has been
11 resolved.  The Producing Party shall also provide an updated privilege log for such
12 documents in compliance with Section 12 of this Order.  To the extent that the Producing
13 Party insists on the return or destruction of electronic copies, rather than disabling the
14 documents from further use or otherwise rendering them inaccessible to the receiving party,
15 the Producing Party shall bear the costs of the return or destruction of such electronic copies.

16       13.4.  To the extent that the information contained in a document subject to a claim
17 has already been used in or described in other documents generated or maintained by the
18 receiving party, then the receiving party will sequester such documents until the claim has
19 been resolved.  If the receiving party disclosed the specified documents before being notified
20 of its inadvertent production, it must take reasonable steps to ensure it is sequestered or
21 destroyed.  The producing party shall preserve the specified documents until the claim is
22 resolved.

23       13.5.  The receiving party shall have ten (10) days from receipt of notification of the
24 inadvertent production to determine in good faith whether to contest such claim and to notify
25 the Producing Party in writing of an objection to the claim of privilege and the grounds for
26 that objection, and, thereafter, Counsel shall meet and confer in a good faith effort, within
27 five (5) days of receiving the written objection, to resolve their differences.

28

13.6. The receiving party's sequestering or destruction of such privileged or protected documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the sequestered or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of the privileged documents or that the producing party failed to take reasonable steps to rectify the error as set forth in CCP § 2031.285. The producing party need make no showing with respect to measures taken to prevent the inadvertent production of the documents in question in order to be entitled to their sequestering or destruction.

13.7. Either party may submit the specified documents for a determination of the claim by making a motion within 30 days of the meet and confer described in Section 13.5, above, and presenting the information to the court conditionally under seal as permitted by the Protective Order and/or the Local Rules. The receiving party may not use the documents for any purpose absent this Court's Order. Any party may request expedited treatment of any request for the Court's determination of the claim.

13.8. Upon a determination by the Court that the specified documents are protected by the applicable privilege or evidentiary protection, and if the specified documents have been sequestered rather than destroyed, the specified documents shall be destroyed. The Court may also order, the identification and/or review of documents that have been identified as being potentially subject to a legally recognized claim by search terms or other means.

**14.   MISCELLANEOUS**

14.1. <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2. <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing

any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3.  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Local Rules 140, 141 and 141.1, except as otherwise specified in this Protective Order.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 15. **FINAL DISPOSITION**

Within sixty (60) days after the expiration of any appeal period, the final resolution after an appellate ruling (assuming the appellate ruling does not require any further proceedings) or after all obligations imposed by any settlement agreement are fully performed, each Party or Non-Party possessing Protected Material shall either (1) return all such material to the Party or Non-Party that produced it or furnished it; or (2) destroy such material.

## 16. **VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

***IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.***

| | | |
|---|---|---|
| 1 | Dated:  December 8, 2025 | ALLEN MATKINS LECK GAMBLE |
| 2 | | MALLORY & NATSIS LLP |
| | | RYAN T. WAGGONER |
| 3 | | ERIC C. PETTIS |
| | | NATHAN T. JAMIESON |

By: */s/ Ryan T. Waggoner*
    RYAN T. WAGGONER
    Attorneys for Plaintiff
    MAJCO LLC

DATED: December 5, 2025

BUCHALTER, APC
JOSH H. ESCOVEDO
EMILY G. MALHIOT

By: */s/ Josh H. Escovedo*
    JOSH H. ESCOVEDO
    Attorneys for Defendants
    KURST BOVERO AND SIERRA TIRE CO.

DATED: December 5, 2025

MOHAN HARRIS RUIZ LLP

*/s/ S. Dean Ruiz*

S. Dean Ruiz, Esq.
Attorneys for Defendants, Philip Bovero and Jackson Tire Service

IT IS SO ORDERED.

Dated:  December 9, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [*print or type full name*], of _____ [*print or type full address*], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *Majco LLC v. Jackson Tire Services, et al.*, Case No. 2:25-cv-01967-DC-JDP.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [*print or type full name*] of _____ [*print or type full address and telephone number*] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____